UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-650-CJC (KK) | Date | April 13, 2015 |
|---|---|---|---|
| Title | TYRONE SMITH V. HASSAIN SAHLOLBEI, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order for Plaintiff to Show Cause Why Defendant Jordan Should Not Be Dismissed From This Action Without Prejudice

On August 28, 2014, Plaintiff Tyrone Smith, proceeding *in forma pauperis* and *pro se*, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983. (ECF Docket No. ("Dkt.") 17). The Second Amended Complaint asserts an Eighth Amendment claim against three defendants: (1) Dr. Hassain Sahlolbei; (2) Dr. Scott Lee; and (3) Dr. Joyce Jordan. (*Id.*).

On September 5, 2014, the Court ordered that the U.S. Marshal serve the Second Amended Complaint and a 21-day summons on all of the defendants, at addresses designated by the Plaintiff. (Dkt. 16).

On April 2, 2015, the U.S. Marshal filed a "Process Receipt and Return" form notifying the Court it had been unable to serve the Second Amended Complaint and summons on defendant Jordan at the address designated by Plaintiff. (Dkt. 29). The U.S. Marshal stated Jordan "had not worked at the provided location for over 2 [years]." (*Id.*). The U.S. Marshal also noted "[t]here was not any forwarding information for [defendant Jordan]." (*Id.*).

From the U.S. Marshal's April 2, 2015 filing, it appears defendant Jordan has not yet been properly served. Furthermore, defendant Jordan does not seem to any longer work at the address Plaintiff designated for service purposes. Because Plaintiff has not designated any other address at which defendant Jordan can be served, Plaintiff cannot proceed with his claims against defendant Jordan. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-650-CJC (KK) | Date | April 13, 2015 |
|---|---|---|---|
| Title | TYRONE SMITH V. HASSAIN SAHLOLBEI, et al. | | |

or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided U.S. Marshal with sufficient information to effectuate service).

     Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why his claim against defendant Jordan should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).  In his response, Plaintiff must provide the Court with an address at which defendant Jordan may be served.  Alternatively, if Plaintiff does not know of such an address, Plaintiff may voluntarily dismiss his claims against defendant Jordan, by filing a Notice of Dismissal, in accordance with Federal Rule of Civil Procedure 41(a)(1).  The Clerk of Court is directed to attach a form Notice of Dismissal to this Order for Plaintiff's convenience.

     Plaintiff shall have up to and including **April 27, 2015** to respond to this Order.  Plaintiff is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of his claims against defendant Jordan, without prejudice.